JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contain___ rein neither replace nor supplement the filing and service of pl___ s or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

B 01 - 801

## I (a) PLAINTIFFS

MARTA MORENO, INDIVIDUALLY AND ON BEHALF OF
MIRANDA MORENO, A MINOR

## DEFENDANTS

GOLDEN CORRAL CORPORATION
CARLOS SOTOMAYOR, SR.

B-01-*80

United States District Court
Southern District of Texas
FILED

MAY 0 9 2001

Michael N. Milby
Clerk of Court

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **MEXICO**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **WAKE**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
GILBERTO HINOJOSA
MAGALLANES, HINOJOSA & MANCIAS
1713 BOCA CHICA BLVD.
BROWNSVILLE, TEXAS 78520
(956) 544-6571

ATTORNEYS (IF KNOWN)
EDUARDO G. GARZA
WILLETTE & GUERRA, LLP
3505 BOCA CHICA BLVD., SUITE 460
BROWNSVILLE, TEXAS 78520
(956) 541-1846

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☒ 4 Diversity
(Indicate Citizenship of
Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. §1446(b)

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VII. REQUESTED IN
COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S)
IF ANY (See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE 5/9/01

SIGNATURE OF ATTORNEY OF RECORD _Eduardo Garza_

UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 9 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARTA MORENO, INDIVIDUALLY | § | |
| AND ON BEHALF OF MIRANDA | § | |
| MORENO, A MINOR | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B 0 1 - 0 0 |
| | § | |
| GOLDEN CORRAL CORPORATION | § | |
| D/B/A GOLDEN CORRAL | § | |
| RESTAURANT AND CARLOS | § | |
| SOTOMAYOR, SR. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW Golden Corral Corporation and Carlos Sotomayor, Sr., Defendants in the above-styled and numbered matter, and file this their Notice of Removal of the present cause from the 138th Judicial District Court of Cameron County, Texas, in which it is now pending to the United States District Court for the Southern District of Texas, Brownsville Division, and would respectfully show unto the Court as follows:

1.01    Golden Corral Corporation is a North Carolina corporation whose principal place of business is in Raleigh, North Carolina, and is the Petitioner.

1.02    Named Defendant Carlos Sotomayor, Sr. is a resident of Cameron County Texas.

1.03    Plaintiff Marta Moreno is a resident of Matamoros, Tamaulipas, Mexico.

1.04    Minor Plaintiff Miranda Moreno is a resident of Matamoros, Tamaulipas, Mexico.

2.01    This cause was commenced on March 5, 2001, in the 138th Judicial District Court of

CilAPDF - www.fasiva.com

Cameron County, Texas with the style <u>Marta Moreno, Individually and on Behalf of Miranda Moreno, A Minor vs. Golden Corral Corporation d/b/a Golden Corral Restaurant and Carlos Sotomayor, Sr.</u>, Cause Number 2001-03-1102-B. A true and correct copy of all process and pleadings in that cause and the certified docket sheet are attached hereto as Exhibit A. Plaintiff alleges that Defendants Golden Corral Corporation and Carlos Sotomayor, Sr. failed to maintain premises which allegedly resulted in injuries to the Plaintiffs. Plaintiffs bring this cause of action under a theory of common law negligence and seek compensatory damages.

3.01    Defendant Golden Corral Corporation was served with a copy of Plaintiff's Original Petition on March 9, 2001.

3.02    Defendant Carlos Sotomayor, Sr. was served with a copy of Plaintiff's Original Petition on March 7, 2001.

3.03    Defendant Golden Corral Corporation was served with Plaintiff's Marta Moreno, Individually and on Behalf of Miranda Moreno, A Minor's answers to Requests for Admission and Interrogatories which stated that the Plaintiffs reside in Matamoros, Mexico. This was Defendant's first notice that diversity jurisdiction existed. Copies of Plaintiff's Requests for Admission and Interrogatories are attached hereto.

4.01    This action is a civil action in that Plaintiff alleges that Defendants Golden Corral Corporation and Carlos Sotomayor, Sr., are liable for compensatory damages to the plaintiff for allegedly failing to maintain a premises resulting in alleged injuries to Plaintiffs.

5.01    The controversy between Plaintiff and Defendants Golden Corral Corporation and Carlos Sotomayor, Sr. is a controversy between citizens of Mexico, a Defendant who is incorporated in a different state, and a citizen of Texas. The United States District Court has original jurisdiction

over this case because Defendant Golden Corral Corporation is not a citizen of the State of Texas. Under 28 U.S.C.§§1332 this Court has original jurisdiction over Defendants who are not citizens of the state in which the action in brought.  This action is removable under 28  U.S.C.§§1441(a). Plaintiffs' Original Petition alleges injuries which exceed the minimum jurisdictional requirements of the Court, (exclusive of interest and costs), and said claim could exceed Seventy-five thousand dollars and no cents, ($75,000.00).  Defendant Golden Corral Corporation is not a citizen of the state of Texas.

6.01    Pursuant to 28 U.S.C.§§1332(c), Defendant Golden Corral Corporation would show that Defendant  Golden Corral Corporation is incorporated in, is domiciled in, and has a principal place of business in North Carolina.

6.02    Plaintiffs are citizens of Mexico and are domiciled in Matamoros, Tamaulipas, Mexico.

6.03    Defendant Carlos Sotomayor, Sr. is a citizen of and is domiciled in Texas.

7.01    Upon filing of this Notice of Removal of this cause, written notice of the filing by Petitioner to Plaintiff and their counsel has been provided as required by law.  A copy of such Notice with proof of service of same is attached hereto and incorporated herein for all purposes.  A copy of such notice is also being filed with the clerk of the state court where this cause was originally filed.

8.01    This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days of the date Defendant Golden Corral Corporation was made aware of the fact that diversity jurisdiction existed.  The date this was made know to Defendant was April 19, 2001, when it received Plaintiff's answers to Requests for Admission and Interrogatories.

9.01    Defendant requests a trial by jury.

3

WHEREFORE, PREMISES CONSIDERED, Defendants Golden Corral Corporation and

Carlos Sotomayor, Sr., pray for removal of the above entitled cause of action from the 138th Judicial

District Court of Cameron County, Texas to this Court and seek all other relief to which they may

show themselves to be justly entitled.

Signed on May 9, 2001.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _Eduardo G. Garza_
Eduardo G. Garza
State Bar No. 00796609
USDC ADM. No. 20916

Attorneys for Defendants

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2001, a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record as noted hereunder.

**VIA CMRRR-7000 1670 0002 2285 4961**

Mr. Gilberto Hinojosa
Magallanes, Hinojosa & Mancias
1713 Boca Chica Boulevard
Brownsville, Texas 78520

Eduardo G. Garza

## CERTIFICATE OF CONFERENCE

The Local Rules for the United States District Court for the Southern District of Texas do not require a conference for this pleading.

Eduardo G. Garza

5

CISPDF - www.texio.com

CAUSE NO. 2001-03-1102-B

| | | |
|---|---|---|
| MARTA MORENO, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND ON BEHALF OF MIRANDA | § | |
| MORENO, A MINOR, | § | |
| | § | |
| *Plaintiff,* | § | |
| vs. | § | 138TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| GOLDEN CORRAL CORPORATION | § | |
| D/B/A GOLDEN CORRAL | § | |
| RESTAURANT AND CARLOS | § | |
| SOTOMAYOR, SR. | § | |
| | § | |
| *Defendants.* | § | CAMERON COUNTY, TEXAS |

PLAINTIFF MARTA MORENO, INDIVIDUALLY AND ON BEHALF OF MIRANDA
MORENO, A MINOR, RESPONSES TO DEFENDANT GOLDEN CORRAL
CORPORATION'S FIRST SET OF REQUESTS FOR ADMISSION

TO:    Golden Corral Corporation, Defendant
       by and through its attorney of record
       Mr. Eduardo G. Garza
       WILLETTE & GUERRA L.L.P.
       3505 Boca Chica Blvd.
       Brownsville, TX 78521

COMES NOW, Martha Moreno, Individually and on Behalf of Miranda Moreno, A Minor,
Plaintiffs in the above entitled and numbered cause, by and through their attorney of record, and
serves these their Responses to Defendant Golden Corral Corporation's First Set of Request For
Admissions.

Respectfully submitted,
MAGALLANES, HINOJOSA & MANCIAS, P.C.
A Professional Corporation
1713 Boca Chica Blvd.
Brownsville, Texas  78520
Tel:(956) 544-6571 Fax:(956) 544-4290

By: _____
       Gilberto Hinojosa
       State Bar No. 09701100

Page 1 of 3

## CERTIFICATE OF SERVICE

I, Gilberto Hinojosa, hereby certify that on the 19th day of April, 2001, a true and correct copy of the above and foregoing document was delivered to the following as noted hereunder:

Mr. Eduardo G. Garza
WILLETTE & GUERRA L.L.P.
3505 Boca Chica Blvd.
Brownsville, TX 78521

Gilberto Hinojosa

**<u>REQUEST FOR ADMISSION NO. 1:</u>**

Admit or deny that plaintiff Marta Moreno is not a United States citizen.

**<u>RESPONSE</u>: Admit.**

**<u>REQUEST FOR ADMISSION NO. 2:</u>**

Admit or deny that plaintiff Miranda Moreno is not a United States citizen.

**<u>RESPONSE</u>: Admit.**

**<u>REQUEST FOR ADMISSION NO. 3:</u>**

Admit or deny that plaintiff Marta Moreno is not a Texas resident.

**<u>RESPONSE</u>: Admit.**

**<u>REQUEST FOR ADMISSION NO. 4:</u>**

Admit or deny that plaintiff Miranda Moreno is not a Texas resident.

**<u>RESPONSE</u>: Admit.**

## CAUSE NO. 2001-03-1102-B

| | | |
|---|---|---|
| MARTA MORENO, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND ON BEHALF OF MIRANDA | § | |
| MORENO, A MINOR, | § | |
| | § | |
| *Plaintiff,* | § | |
| vs. | § | 138TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| GOLDEN CORRAL CORPORATION | § | |
| D/B/A GOLDEN CORRAL | § | |
| RESTAURANT AND CARLOS | § | |
| SOTOMAYOR, SR. | § | |
| | § | |
| *Defendants.* | § | CAMERON COUNTY, TEXAS |

## VERIFICATION

**BEFORE ME,** the undersigned authority, on this day personally appeared <u>MARTHA MORENO,</u> who being by me duly sworn on her oath deposed and said that she has read the above and foregoing, **Responses to Requests for Admission** and that every statement contained therein is within her personal knowledge true and correct.

Martha Cope. Hdz de Moreno
MARTHA MORENO

SUBSCRIBED AND SWORN TO BEFORE ME on this the 19th day of April, 2001, to certify which witness my hand and official seal.

Anna M. Topete
Notary Public in and for
The State of Texas

ANNA M. TOPETE
MY COMMISSION EXPIRES
October 12, 2004

My Commission Expires: 10-12-04

CAUSE NO. 2001-03-1102-B

| | | |
|---|---|---|
| MARTA MORENO, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND ON BEHALF OF MIRANDA | § | |
| MORENO, A MINOR, | § | |
| | § | |
| *Plaintiff,* | § | |
| vs. | § | 138TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| GOLDEN CORRAL CORPORATION | § | |
| D/B/A GOLDEN CORRAL | § | |
| RESTAURANT AND CARLOS | § | |
| SOTOMAYOR, SR. | § | |
| | § | |
| *Defendants.* | § | CAMERON COUNTY, TEXAS |

PLAINTIFF MARTA MORENO, INDIVIDUALLY AND ON BEHALF OF MIRANDA
MORENO, A MINOR, RESPONSES TO DEFENDANT GOLDEN CORRAL
CORPORATION'S FIRST SET OF INTERROGATORIES

TO:    Golden Corral Corporation, Defendant
       by and through its attorney of record
       Mr. Eduardo G. Garza
       WILLETTE & GUERRA L.L.P.
       3505 Boca Chica Blvd.
       Brownsville, TX 78521

       COMES NOW, Martha Moreno, Individually and on Behalf of Miranda Moreno, A
Minor, Plaintiffs in the above entitled and numbered cause, by and through their attorney of
record, and serves these their Answers and Objections to Interrogatories filed by Defendant
Golden Corral Corporation.

                          Respectfully submitted,
                          MAGALLANES, HINOJOSA & MANCIAS, P.C.
                          A Professional Corporation
                          1713 Boca Chica Blvd.
                          Brownsville, Texas  78520
                          Tel:(956) 544-6571 Fax:(956) 544-4290

                          By:_____
                               Gilberto Hinojosa
                               State Bar No. 09701100

Page 1 of 7

## CERTIFICATE OF SERVICE

I, Gilberto Hinojosa, hereby certify that on the ___15th___ day of April, 2001, a true and correct copy of the above and foregoing document was delivered to the following as noted hereunder:

Mr. Eduardo G. Garza
WILLETTE & GUERRA L.L.P.
3505 Boca Chica Blvd.
Brownsville, TX 78521

Gilberto Hinojosa

## INTERROGATORY NO. 1:

Please state you full name, place of birth, social security number, and driver's license number.

## ANSWER:

**Martha Moreno**
**Place of Birth: Matamoros, Tamaulipas, Mexico**
**SS#: None.**
**Tamaulipas DL# 734606**

## INTERROGATORY NO. 2:

Please identify each residence Plaintiff Marta Moreno has held for the past five years by stating her address or addresses, street, street number, city and state, and the dates she lived at each residence.

**ANSWER:**

| | |
|---|---|
| **1987-1998** | **1998-Present** |
| **17 Abasolo y Gonzalez #42** | **Francisco Saravia #129** |
| **Matamoros, Tamaulipas, Mexico** | **Matamoros, Tamaulipas, Mexico** |

## INTERROGATORY NO. 3:

Please identify each residence Plaintiff Miranda Moreno has held for the past five years by stating her address or addresses, street, street number, city and state, and the dates she lived at each residence.

## ANSWER:

**Francisco Saravia #129**
**Matamoros, Tamaulipas, Mexico**

## INTERROGATORY NO. 4:

Please state completely and fully how the occurrence made the basis of this lawsuit occurred, including what you were doing immediately prior to and during the occurrence, which steps (if any) you took to avoid the occurrence.

**ANSWER:** Plaintiff and her daughter, **MIRANDA MORENO**  entered into Defendant **GOLDEN CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT**'s place of business in order to dine.  While there, Plaintiff, and her daughter, decided to make use of the restroom.  Plaintiff's daughter, at the time of the incident in question was  six months old

and was being carried in the arms of Plaintiff. Upon stepping into the restroom at Defendants' restaurant, Plaintiff stepped onto water which had accumulated on the floor and which had made the floor extremely slippery. The extremely slippery conditions on the floor caused her to violently fall along with her baby  and, as a direct result, Plaintiff and her minor child sustained the injuries and damages.

## INTERROGATORY NO. 5:

If you claim to have sustained any injury to your body or mind as s result of the occurrence made the basis of this lawsuit, please state fully and completely all parts of your body or mind you claim were injured and any pain and suffering you have had as a result of each.

**ANSWER**: Plaintiff Martha Moreno sustained contusions and abrasions to her left hip, left thigh, left  knee, left elbow and forehead. Plaintiff Martha Moreno hit her head as she was falling and the impact broke her eyeglasses which caused a laceration to left eyebrow area. Minor Plaintiff Miranda Moreno sustained a buckle fracture of the distal femur of the right leg.

## INTERROGATORY NO. 6:

Please identify each witness to the alleged incident by name, phone number, address, and a brief description of what they saw or heard.

## ANSWER:

**Martha Esther Mendez de Hernandez
17 Abasolo y Gonzales #42
Matamoros, Tamaulipas Mexico
Plaintiff Martha Moreno's mother witnessed the incident made the basis of this suit.**

**Carlos Sotomayor, Sr.
Golden Corral Restaurant
2912 Boca Chica Blvd.
Brownsville, TX 78520
(956) 982-0393
General Manager of Golden Corral. After the incident in question occurred he asked Martha Moreno what she wanted to do. Plaintiff replied they should clean up water in order to prevent someone else from falling. Mr. Sotomayor instructed Martha Moreno to go to hospital**

Juan Martinez
Golden Corral Restaurant
2912 Boca Chica Blvd.
Brownsville, TX 78520
(956) 982-0393
Associate Manager of Golden Corral. Provided Martha Moreno with letter reflecting insurance information.

Plaintiffs reserve the right to supplement their response.


## INTERROGATORY NO. 7:

Please identify all photographs, motion pictures, video T.V. recordings, maps, drawings, charts, diagrams, measurements, surveys or other documents concerning the events and happenings made the basis of this lawsuit, the scene of the accident, or the area, persons or objects involved, either made before, at the time of, or after the time of the events in questions, including any photographs made of you at any time since the incident made the basis of this lawsuit, that you, your attorney, your insurance carrier or anyone acting on your and their behalf, have or know of.

**ANSWER**: **Please refer to color copies of photographs produced in response to request for production number 3 which Plaintiffs incorporate by reference herein.**


## INTERROGATORY NO. 8:

Have you ever worn or needed glasses, and if so, state when you first began to wear or need glasses, whether you had glasses on at the time of this accident, whether they were regular glasses or sunglasses, a description of the condition which required the use of glasses, and whether you wear glasses constantly of for particular purposes.

**ANSWER**: **Plaintiff Martha Moreno wears prescription glasses since 1998. Martha Moreno was wearing her eye glasses at the time of the incident in question. Martha Moreno's glasses broke when she hit her head as she was falling.**


## INTERROGATORY NO. 9:

With regard to your allegation that the Defendant was negligent in maintaining the premises where the alleged fall occurred, indicate whether you contend the fall resulted from slipperiness of the floor, defects in the floor, debris or water on the floor, variations on the floor, or other alleged defects.

**ANSWER**: Defendant GOLDEN CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT, it agents, servants, and employees and Defendant CARLOS SOTOMAYOR, SR. negligently allowed the accumulation of water in the restroom floor of Defendants' restaurant, creating an unreasonably dangerous condition in said restroom.

**INTERROGATORY NO. 10:**

Please identify and describe the location of where you claim to have fallen.

**ANSWER**: **The incident in question occurred in the restroom at Defendants' restaurant, located at 2912 Boca Chica Blvd., Brownsville, Texas.**

**INTERROGATORY NO. 11:**

Please identify and describe the condition which you contend made Defendant's premises unreasonably dangerous.

**ANSWER**: Defendant GOLDEN CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT, it agents, servants, and employees and Defendant CARLOS SOTOMAYOR, SR. negligently allowed the accumulation of water in the restroom floor of Defendants' restaurant, creating an unreasonably dangerous condition in said restroom. Defendants allowing the floor of the restroom in Defendant restaurant to remain wet and slippery, created and/or allowed an unreasonably dangerous condition to exist and their failure to warn Plaintiff of the dangerous condition of the floor in the common area of the restaurant, despite the fact that Defendants, their agents, servants, and employees, knew, or in the exercise of ordinary care, should have know of the existence of the dangerous condition and that there was a likelihood of someone being injured as happened to Plaintiff and her minor child was negligence. Plaintiff further alleges that the condition of the floor had continued for such a period of time that it should have been noticed and removed if Defendants, their agents, servants, and employees had exercised ordinary care in the maintenance of the premises.

**INTERROGATORY NO. 12:**

Please identify each fact which you contend indicates the length of time any alleged unreasonably dangerous premises condition existed prior to the accident.

**ANSWER**: **The large amount of accumulated water is evidence that it had been there for a long period of time causing the dangerous condition prior to the incident in question occurring.**

## INTERROGATORY NO. 13:

State in detail what was said by the Defendant or the Defendant's officers, agents, or employees in any conversations after the incident made the basis of this suit that you either engaged in or overheard and give name, address and telephone number of each person involved in the conversation or that also overheard any part or any statements by the Defendant.

## ANSWER:

**Carlos Sotomayor, Sr.**
**Golden Corral Restaurant**
**2912 Boca Chica Blvd.**
**Brownsville, TX 78520**
**(956) 982-0393**
**General Manager of Golden Corral. After the incident in question occurred he asked Martha Moreno what she wanted to do. Plaintiff replied they should clean up water in order to prevent someone else from falling. Mr. Sotomayor instructed Martha Moreno to go to hospital**

**Juan Martinez**
**Golden Corral Restaurant**
**2912 Boca Chica Blvd.**
**Brownsville, TX 78520**
**(956) 982-0393**
**Associate Manager of Golden Corral. Provided Martha Moreno with letter reflecting insurance information.**

CAUSE NO. 2001-03-1102-B

| | | |
|---|---|---|
| MARTA MORENO, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND ON BEHALF OF MIRANDA | § | |
| MORENO, A MINOR, | § | |
| | § | |
| *Plaintiff,* | § | |
| vs. | § | 138TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| GOLDEN CORRAL CORPORATION | § | |
| D/B/A GOLDEN CORRAL | § | |
| RESTAURANT AND CARLOS | § | |
| SOTOMAYOR, SR. | § | |
| | § | |
| *Defendants.* | § | CAMERON COUNTY, TEXAS |

## VERIFICATION

**BEFORE ME,** the undersigned authority, on this day personally appeared MARTHA MORENO, who being by me duly sworn on her oath deposed and said that she has read the above and foregoing, **Answers to Interrogatories** and that every statement contained therein is within her personal knowledge true and correct.

_____
MARTHA MORENO

SUBSCRIBED AND SWORN TO BEFORE ME on this the 4th day of April , 2001, to certify which witness my hand and official seal.

_____
Notary Public in and for
The State of Texas

ANNA M. TOPETE
MY COMMISSION EXPIRES
October 12, 2004

My Commission Expires: 10-12-04

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 9 2001

Michael N. Milby
Clerk of Court

MARTA MORENO, INDIVIDUALLY   §
AND ON BEHALF OF MIRANDA      §
MORENO, A MINOR               §
                              §
VS.                           §   CIVIL ACTION NO. B 01 - 80
                              §
GOLDEN CORRAL CORPORATION     §
D/B/A GOLDEN CORRAL           §
RESTAURANT AND CARLOS         §
SOTOMAYOR, SR.                §

======================================================

**INDEX OF EXHIBITS**

======================================================

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW Golden Corral Corporation and Carlos Sotomayor, Sr., Defendants herein, and, in accordance with the Local Rules for the United States District Court for the Southern District of Texas governing removal of civil actions, file this its Index of Exhibits and would submit the following with the Court the following:

1. Certified Docket Sheet;

2. Plaintiff's Original Petition;

3. Citation to Golden Corral Corporation;

4. Citation to Carlos Sotomayor, Sr.

5. Defendant Carlos Sotomayor's Original Answer;

6. Defendant Golden Corral Corporation's Original Answer; and

7. Certificate of Written Discovery.

Signed on May 9, 2001.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _Eduardo G. Garza_

Eduardo G. Garza
State Bar No. 00796609
USDC ADM. No. 20916

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2001, a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record as noted hereunder.

**VIA CMRRR-7000 1670 0002 2285 4961**
Mr. Gilberto Hinojosa
Magallanes, Hinojosa & Mancias
1713 Boca Chica Boulevard
Brownsville, Texas 78520

_Eduardo G. Garza_

Eduardo G. Garza

## CERTIFICATE OF CONFERENCE

The Local Rules for the United States District Court for the Southern District of Texas do not require a conference for this pleading.

_Eduardo G. Garza_

Eduardo G. Garza

2

RUN DATE 05/07/01
RUN TIME 10:48 AM

DISTRICT COURT
CAMERON COUNTY, TEXAS

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE
BY
DEPUTY

MARTA MORENO

VS

GOLDEN CORRAL CORPORATION, ET AL

* * * C L E R K ' S   E N T R I E S * * *

CERTIFIED

00003307
GILBERTO HINOJOSA
1713 BOCA CHICA BLVD.
BROWNSVILLE TX        78521 0000

00011926
EDUARDO G GARZA
3505 BOCA CHICA BLVD., STE.460
BROWNSVILLE TX  78521 0000

(10)

DAMAGES

03/05/01  ORIGINAL PETIT
03/06/01  CITATION (CM):
          CORPORATION
03/06/01  SERVED: 03/
03/06/01  CITATION: CARL
03/06/01  SERVED: 03/
03/12/01  ORIGINAL ANSWE
03/20/01  ORIGINAL ANSWE
          CORPORATION
04/19/01  CERTIFICATE OF
          (RMOCHOA)



CAUSE NO. 2001-03 - 1107

| | | |
|---|---|---|
| MARTA MORENO, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND ON BEHALF OF MIRANDA | § | |
| MORENO, A MINOR, | § | |
| | § | |
| *Plaintiff,* | § | |
| vs. | § | |
| | § | |
| | § | ____ JUDICIAL DISTRICT |
| GOLDEN CORRAL CORPORATION | § | |
| D/B/A GOLDEN CORRAL | § | **CERTIFIED COPY** |
| RESTAURANT AND CARLOS | § | |
| SOTOMAYOR, SR. | § | |
| | § | |
| *Defendants.* | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, **MARTA MORENO, INDIVIDUALLY, AND ON BEHALF OF MIRANDA MORENO, A MINOR,** hereinafter called Plaintiff, complaining of **GOLDEN CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT** and **CARLOS SOTOMAYOR, SR**, Defendants and for cause of action would respectfully show the Court the following:

### I.

Plaintiff is a resident of Brownsville, Cameron County, Texas, and is the mother of **MIRANDA MORENO**, a minor.

Defendant **GOLDEN CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT**'s principal place of business is Brownsville, Cameron County, Texas and may be served with process by serving its agent for service of process, C T Corp System, 350 N. St.

Paul Street, Dallas, Dallas County, Texas 75201.

Defendant **CARLOS SOTOMAYOR, SR.** is a resident of Brownsville, Cameron County, Texas and may be served with process by serving him at 2912 Boca Chica Blvd., Brownsville, Cameron County, Texas 78521.

## II.

Venue is proper under V.T.C.A., Civil Practice and Remedies Code. Section 15.001 et. al., because Cameron County, Texas is the county where this cause of action arose and is the principal place of Defendant **GOLDEN CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT**'s place of business and well as the residence of Defendant **CARLOS SOTOMAYOR, SR..**

## III.

On or about June 12, 2000, during normal business hours, Plaintiff and her family came upon the business premises of Defendant **GOLDEN CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT** in Brownsville, Cameron County, Texas in order conduct business. Defendant **CARLOS SOTOMAYOR, SR.** was at that time the manager of Defendant **GOLDEN CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT** in Brownsville, Texas and was, at the time of the incident in question, the person whose responsibility it was to ensure that floors at Defendant restaurant were maintained safe and in a manner which would ensure that persons doing business at Defendant restaurant would not injure themselves as a result of conditions at the restaurant which were unreasonably dangerous.

## IV.

While entering upon Defendant **GOLDEN CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT**'s premises, in an area owned and controlled by Defendant **GOLDEN**

**CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT** (i.e. the lady's restroom), Plaintiff and her child, **MIRANDA MORENO**, suffered serious and permanent bodily injuries as a direct result of a fall proximately caused by the dangerous condition of Defendant **GOLDEN CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT**'s premises, which Defendants, their agents, servants, and employees knew or, in the exercise of ordinary care, should have known existed.  Specifically, Plaintiff and her daughter, **MIRANDA MORENO** entered into Defendant **GOLDEN CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT**'s place of business in order to dine.  While there, Plaintiff, and her daughter, decided to make use of the restroom.  Plaintiff's daughter, at the time of the incident in question was  six months old and was being carried in the arms of Plaintiff.  Upon stepping into the restroom at Defendants' restaurant, Plaintiff stepped onto water which had accumulated on the floor and which had made the floor extremely slippery.  The extremely slippery conditions on the floor caused her to violently fall along with her baby  and, as a direct result, Plaintiff and her minor child sustained the injuries and damages described below.

**V.**

Defendant  **GOLDEN CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT**, it agents, servants, and employees and Defendant **CARLOS SOTOMAYOR, SR.** negligently allowed the accumulation of water in the restroom floor of Defendants' restaurant, creating an unreasonably dangerous condition in said restroom.  Defendants allowing the floor of the restroom in Defendant restaurant to remain wet and slippery, created and/or allowed an unreasonably dangerous condition to exist and their failure to warn Plaintiff of the dangerous condition of the floor in the common area of the restaurant, despite the fact that Defendants, their agents, servants, and employees, knew, or in the exercise of ordinary care, should have know of the

existence of the dangerous condition and that there was a likelihood of someone being injured as happened to Plaintiff and her minor child was negligence. Plaintiff further alleges that the condition of the floor had continued for such a period of time that it should have been noticed and removed if Defendants, their agents, servants, and employees had exercised ordinary care in the maintenance of the premises.

## VI.

On the occasion in question, Defendants and its agents, servants, and employees, who were at all times acting in the course and scope of their employment, were guilty of negligence toward the Plaintiff and her minor child in the following respects:

1.     In failing to maintain the floor  in a reasonably safe condition;

2.     In failing to exercise ordinary care with regard to the design and/or maintenance of the floor in question;

3.     In failing to exercise ordinary care with regard to the placing of floor mats in the restrooms of Defendant restaurant;

4.     In failing to place proper warnings in the area in question where the floor was wet for a period of time prior to Plaintiff falling;

5.     In failing to warn Plaintiff of the possible danger of the wet floor;

6.     In failing to exercise ordinary care with regard to its company policies concerning the inspection for dangerous conditions of floors in Defendant restaurant;

7.     In failing to exercise ordinary care with regard to the training of its employees responsible for the maintenance of its floors; and,

8.     Defendants knew or should have known of the possibility of the dangerous condition created by the wet floors in Defendants' restrooms, and failed to warn Plaintiff of that dangerous condition.

Each of the foregoing negligent acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages and those of her minor child

which are described below.

## VII.

As a result of the occurrence above described, the Plaintiff and her minor child **MIRANDA MORENO** suffered severe personal injuries causing Plaintiff and her minor child to sustain following damages as a result of the accident in question:

a)  The reasonable cost for necessary medical treatment and care Plaintiff and her minor child have received in the past for the treatment of their injures;

b)  The reasonable cost for necessary medical treatment and care which Plaintiff and her minor child, in reasonable probability, will need in the future for the treatment of their injuries;

c)  The physical pain which Plaintiff and her minor child have suffered in the past up to the time of trial;

d)  The physical pain which Plaintiff and her minor child in all reasonable probability will suffer in the future for the rest of their life as a result of their injuries;

e)  The mental anguish which Plaintiff and her minor child have suffered in the past up to the time of the trial in this case;

f)  The mental anguish which Plaintiff and her minor child in all reasonable probability will suffer for the rest of their life as a result of their injuries;

g)  The physical impairment and loss of physical capacity to perform the activities of life which Plaintiff and her minor child have  suffered in the past up to the time of the trial in this case;

h)  The physical impairment and loss of physical capacity to perform the activities of life other than wage earning, which Plaintiff and her minor child, in all reasonable probability,  will suffer in the future for the rest of their life;

i)  The loss of wages or wage earning capacity which Plaintiff suffered in the past up to the time of the trial in this case;

j)  The loss of wage earning capacity which Plaintiff in all reasonable probability will suffer in the future for the rest of her work life expectancy as a result of her injuries.

Plaintiff and her minor child are entitled to be compensated for these actual damages in an

amount exceeding the minimum jurisdictional limits of the Court.

**WHEREFORE,** Plaintiff prays that the Defendants be duly cited to appear and answer herein; that upon a final trial of this cause, Plaintiff recover, from Defendant:

1.  Judgment against Defendants for Plaintiff's and her minor child's damages as set forth above, in an amount in excess of the minimum jurisdictional limits of this court;

2.  Interest on said judgement at the legal rate from date of judgement;

3.  Prejudgment interest as allowed by law;

4.  Costs of court; and

5.  Such other and further relief to which Plaintiff and her minor child may be entitled.

Respectfully submitted,

MAGALLANES, HINOJOSA & MANCIAS
A Professional Corporation
1713 Boca Chica Blvd.
Brownsville, Texas 78520
Tel:   (956) 544-6371
Fax:   (956) 544-4290

By: _____
**Gilberto Hinojosa**
    State Bar No. 09701100
    CCID: 3307
    *Attorney for Plaintiff*



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 5-7-01
Maria de Jesus _____
DEPUTY

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.002.01

**ORIGINAL**

No. 2001-03-001102-B

## T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: GOLDEN CORRAL CORPORATION
D/B/A GOLDEN CORRAL RESTAURANT
C/O AGENT FOR SERVICE
CT CORP SYSTEM
350 N. ST. PAUL STREET
DALLAS, TEXAS 75201
the _____DEFENDANT_____, GREETING:

*CERTIFIED COPY*

You are commanded to appear by filing a written answer to the

PLAINTIFFS ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 138th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on __MARCH 05, 2001__.  A copy of same accompanies this citation.

The file number of said suit being No. 2001-03-001102-B.

The style of the case is:

MARTA MORENO
VS.
GOLDEN CORRAL CORPORATION, ET AL

Said petition was filed in said court by _____GILBERTO HINOJOSA_____ (Attorney for _____PLAINTIFF_____), whose address is 1713 BOCA CHICA BLVD. BROWNSVILLE TX  78521

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, on the __6th__ day of __MARCH__, A.D. 2001.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GOLDEN CORRAL CORPORATION
d/b/a GOLDEN CORRAL RESTUR...
c/o AGENT FOR SERVICE
CT CORPORATION SYSTEMS
350 N ST PAUL STREET
DALLAS TEXAS 75201

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature

X _____ CORATION

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Copy from service label)

7000 0520 0017 0090 0636

PS Form 3811, July 1999         Domestic Return Receipt         102595-99-M-1789

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

0636

0090

0017

0520

7000

2001-03-1102-B
citation original petition

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Recipient's Name (Please Print Clearly) (To be completed by mailer)
C.T. CORP. SYSTEMS

Street, Apt. No.; or PO Box No.
350 N ST PAUL STREET

City, State, ZIP+4
DALLAS TEXAS 75201

PS Form 3800, February 2000         See Reverse for Instructions

Citation for Personal Service   - GENERAL _____   Lit. Seq. # <u>5.003.01</u>

No. <u>2001-03-001102-B</u>          **ORIGINAL**

T H E   S T A T E   O F   T E X A S   CERTIFIED COPY

    NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: <u>CARLOS SOTOMAYOR, SR.</u>
    <u>2912 BOCA CHICA BLVD.</u>
    <u>BROWNSVILLE, TEXAS 78520</u>
    <u>.</u>

the _____<u>DEFENDANT</u>_____, GREETING:

    You are commanded to appear by filing a written answer to the

<u>PLAINTIFFS ORIGINAL PETITION</u>

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court <u>138th</u> Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____<u>PETITION</u>_____ was filed on <u>MARCH 05, 2001</u>.  A copy of same accompanies this citation.

The file number of said suit being No. <u>2001-03-001102-B</u>.

The style of the case is:

<u>MARTA MORENO</u>
VS.
<u>GOLDEN CORRAL CORPORATION, ET AL</u>

Said petition was filed in said court by _____<u>GILBERTO HINOJOSA</u>_____ (Attorney for _____<u>PLAINTIFF</u>_____), whose address is <u>1713 BOCA CHICA BLVD. BROWNSVILLE TX  78521</u>_____.

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, on the <u>6th</u> day of <u>MARCH</u>, A.D. <u>2001</u>.

CAUSE NO. 2001-03-1102-B

| | | |
|---|---|---|
| MARTA MORENO, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND ON BEHALF OF MIRANDA | § | |
| MORENO, A MINOR | § | |
| | § | |
| VS. | § | 138TH JUDICIAL DISTRICT |
| | § | |
| GOLDEN CORRAL CORPORATION | § | |
| D/B/A GOLDEN CORAL | § | |
| RESTAURANT AND CARLOS | § | |
| SOTOMAYOR, SR. | § | HIDALGO COUNTY, TEXAS |

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

MAR 12 2001

DISTRICT COURT OF CAMERON COUNTY
_____ DEPUTY

CERTIFIED COPY

---

## DEFENDANT CARLOS SOTOMAYOR, SR.'S ORIGINAL ANSWER

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Carlos Sotomayor, Sr. Defendant in the above-styled and numbered cause, and pursuant to the Texas Rules of Civil Procedure, hereby files this his Original Answer to Plaintiff's Original Petition and would respectfully show unto this Honorable Court the following:

### I
### GENERAL DENIAL

By way of original answer, should same be necessary, Defendant denies each and every, all and singular, the allegations set forth in Plaintiff's Original Petition, and without waiving his rights to file other and further pleadings, motions and discovery, demand that Plaintiff be held to the most strict requirements of proof and that this Defendant be released with costs and without delay and for such other and further relief, both at law and in equity, to which this Defendant may show himself to be justly entitled to.

WHEREFORE PREMISES CONSIDERED, Defendant Carlos Sotomayor, Sr. prays that upon trial and hearing hereof, that Plaintiff take nothing by his suit and that Defendant recover all

costs incurred herein and that Defendant have such other and further relief, at law or in equity, to

which he may show himself to be justly entitled to.

Signed on March 12, 2001.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas  78521
Telephone:  (956) 541-1846
Facsimile:  (956) 541-1893


By: _____
Eduardo G. Garza
State Bar No. 00796609


## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2001, a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record as noted hereunder.

**VIA CMRRR-7099 3400 0015 1918 4175**
Mr. Gilberto Hinojosa
Magallanes, Hinojosa & Mancias
1713 Boca Chica Boulevard
Brownsville, Texas 78520

_____
Eduardo G. Garza

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 5-7-01
Maria de Jesus Garcia
DEPUTY

Case 1:01-cv-00080   Document 1   Filed in TXSD on 05/09/2001   Page 33 of 45

CAUSE NO. 2001-03-1102-B

MARTA MORENO, INDIVIDUALLY          §    IN THE DISTRICT COURT
AND ON BEHALF OF MIRANDA            §
MORENO, A MINOR                     §
                                    §
VS.                                 §    138TH JUDICIAL DISTRICT
                                    §
GOLDEN CORRAL CORPORATION           §
D/B/A GOLDEN CORRAL                 §
RESTAURANT AND CARLOS               §
SOTOMAYOR, SR.                      §    CAMERON COUNTY, TEXAS

MAR 20 2001

CERTIFIED COPY

---

**DEFENDANT GOLDEN CORRAL CORPORATION'S ORIGINAL ANSWER**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Golden Corral Corporation, incorrectly named as Golden Corral Corporation d/b/a Golden Corral Restaurant, Defendant in the above-styled and numbered cause, and pursuant to Rule 83 of the Texas Rules of Civil Procedure, hereby files this its Original Answer to Plaintiff's Original Petition and would respectfully show unto this Honorable Court the following:

**I**
**GENERAL DENIAL**

By way of original answer, should same be necessary, Defendant denies each and every, all and singular, the allegations set forth in Plaintiff's Original Petition, and without waiving its rights to file other and further pleadings, motions and discovery, demands that Plaintiff be held to the most strict requirements of proof and that this Defendant be released with costs and without delay and for such other and further relief, both at law and in equity, to which this Defendant may show itself to be justly entitled to.

WHEREFORE PREMISES CONSIDERED, Defendant Golden Corral Corporation,

ORIGINAL ANSWER

incorrectly named as Golden Corral Corporation d/b/a Golden Corral Restaurant prays that upon trial and hearing hereof, that Plaintiff take nothing by his suit and that Defendant recover all costs incurred herein and that Defendant have such other and further relief, at law or in equity, to which it may show itself to be justly entitled to.

Signed on March 20, 2001.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By:  Eduardo Garza
     Eduardo G. Garza
     State Bar No. 00796609

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2001, a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record as noted hereunder.

**VIA CMRRR-7099 3400 0015 1918 4052**
Mr. Gilberto Hinojosa
Magallanes, Hinojosa & Mancias
1713 Boca Chica Boulevard
Brownsville, Texas 78520

Eduardo Garza
Eduardo G. Garza

TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 5-7-01
DEPUTY

CERTIFIED COPY

CAUSE NO. 2001-03-1102-B

| | | |
|---|---|---|
| MARTA MORENO, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND ON BEHALF OF MIRANDA | § | |
| MORENO, A MINOR, | § | APR 19 2001 |
| | § | |
| *Plaintiff,* | § | |
| vs. | § | 138ᵀᴴ JUDICIAL DISTRICT |
| | § | |
| | § | |
| GOLDEN CORRAL CORPORATION | § | |
| D/B/A GOLDEN CORRAL | § | |
| RESTAURANT AND CARLOS | § | |
| SOTOMAYOR, SR. | § | |
| | § | |
| *Defendants.* | § | CAMERON COUNTY, TEXAS |

## CERTIFICATE OF WRITTEN DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME, MARTA MORENO, INDIVIDUALLY AND ON BEHALF OF MIRANDA MORENO, A MINOR,  Plaintiffs in the above-entitled and numbered cause, and pursuant to the Texas Rules of Civil Procedure, the following documents were served upon Defendant Golden Corral Corporation by and through its Attorney of Record, Mr. Eduardo G. Garza, Willette & Guerra, 3505 Boca Chica, Suite 460, Brownsville, TX 78521 on the ___19th___ day of April 2001.

1. Plaintiff Marta Moreno, Individually and on Behalf of Miranda Moreno, a Minor, Initial Responses to Defendant Golden Corral Corporation's Request for Disclosures;
2. Plaintiff Marta Moreno, Individually and on Behalf of Miranda Moreno, a Minor, Initial Responses to Defendant Golden Corral Corporation's First Set of Requests for Production;
3. Plaintiff Marta Moreno, Individually and on Behalf of Miranda Moreno, a Minor, Initial Responses to Defendant Golden Corral Corporation's First Set of Requests for Admission, and,
4. Plaintiff Marta Moreno, Individually and on Behalf of Miranda Moreno, a Minor, Initial Responses to Defendant Golden Corral Corporation's First Set of Interrogatories.

Respectfully submitted,

**MAGALLANES, HINOJOSA & MANCIAS**
1713 Boca Chica Blvd.
Brownsville, Texas 78520
**(956) 544-6571 / Fax: (956)
544-4290**

By: _____
      Gilberto Hinojosa
      State Bar No.: 09701100

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I, **GILBERTO HINOJOSA**, hereby certify that on the 19th  day April 2001, a true and correct copy of the forgoing document  was served to all counsel of record in the manner indicated below:

Mr. Eduardo G. Garza
WILLETTE & GUERRA L.L.P.
3505 Boca Chica Blvd.
Brownsville, TX 78521

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 5-7-01
BY Maria de Jesus Garcia
DEPUTY

_____
Gilberto Hinojosa

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 9 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARTA MORENO, INDIVIDUALLY | § | |
| AND ON BEHALF OF MIRANDA | § | |
| MORENO, A MINOR | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. __0 1__ - __8 0__ |
| | § | |
| GOLDEN CORRAL CORPORATION | § | |
| D/B/A GOLDEN CORRAL | § | |
| RESTAURANT AND CARLOS | § | |
| SOTOMAYOR, SR. | § | |

## LIST OF PARTIES

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW Golden Corral Corporation and Carlos Sotomayor, Sr., Defendants herein, and,

in accordance with the Local Rules for the United States District Court for the Southern District of

Texas governing removal of civil actions, file this its List of Parties and would submit the following

with the Court:

**PLAINTIFFS:**

Marta Moreno, Individually
and on Behalf of Miranda Moreno, A Minor
Francisco Saravia #129
Matamoros, Tamaulipas, Mexico
c/o Gilberto Hinojosa
Magallanes, Hinojosa & Mancias
1713 Boca Chica Boulevard
Brownsville, Texas 78520

**ATTORNEY FOR PLAINTIFF:**

Mr. Gilberto Hinojosa
Magallanes, Hinojosa & Mancias
1713 Boca Chica Boulevard
Brownsville, Texas 78520
Telephone: (956) 544-6571
Facsimile: (956) 544-4290

**DEFENDANT:**

Golden Corral Corporation
3000 Highwoods Blvd., Ste. 215
Raleigh, North Carolina  27604
Carlos Sotomayor, Sr.
2912 Boca Chica Boulevard
Brownsville, Texas 78520
c/o Mr. Eduardo G. Garza
Willette & Guerra, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

**ATTORNEYS FOR DEFENDANT:**

Mr. Eduardo G Garza
Willette & Guerra, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

Signed on May 9, 2001.

Respectfully submitted,
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: *Eduardo D. Garza*

Eduardo G. Garza
State Bar No. 00796609
USDC ADM. No. 20916

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2001, a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record as noted hereunder.

**VIA CMRRR-7000 1670 0002 2285 4961**
Mr. Gilberto Hinojosa
Magallanes, Hinojosa & Mancias
1713 Boca Chica Boulevard
Brownsville, Texas 78520

*Eduardo D. Garza*

Eduardo G. Garza

## CERTIFICATE OF CONFERENCE

The Local Rules for the United States District Court for the Southern District of Texas do not require a conference for this pleading.

*Eduardo D. Garza*

Eduardo G. Garza

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 9 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARTA MORENO, INDIVIDUALLY | § | |
| AND ON BEHALF OF MIRANDA | § | |
| MORENO, A MINOR | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B 0 1 - 8 0 |
| | § | |
| GOLDEN CORRAL CORPORATION | § | |
| D/B/A GOLDEN CORRAL | § | |
| RESTAURANT AND CARLOS | § | |
| SOTOMAYOR, SR. | § | |

## NOTICE TO PLAINTIFFS OF REMOVAL OF CIVIL ACTION

TO:   Marta Moreno, Individually and on Behalf of Miranda Moreno, A Minor, by and through
their attorney of record:

Mr. Gilberto Hinojosa
Magallanes, Hinojosa & Mancias
1713 Boca Chica Boulevard
Brownsville, Texas 78520

Pursuant to Title 28 U.S.C. § 1446(b), as amended, you are notified that on May 9, 2001, in

the above-entitled and numbered cause (being Cause Number 2001-03-1102-B in the 138th Judicial

District Court of Cameron County, Texas) Defendants Golden Corral Corporation and Carlos

Sotomayor, Sr., filed their Notice of Removal in the United States District Court for the Southern

District of Texas, Brownsville Division.  Copies of such Notice and other papers so filed are

enclosed herewith.

Signed on May 9, 2001.

Respectfully submitted,
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Eduardo G. Garza
State Bar No. 00796609
USDC ADM. No. 20916

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2001, a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record as noted hereunder.

**VIA CMRRR-7000 1670 0002 2285 4961**
Mr. Gilberto Hinojosa
Magallanes, Hinojosa & Mancias
1713 Boca Chica Boulevard
Brownsville, Texas 78520

_____
Eduardo G. Garza

## CERTIFICATE OF CONFERENCE

The Local Rules for the United States District Court for the Southern District of Texas do not require a conference for this pleading.

_____
Eduardo G. Garza

2

CAUSE NO. 2001-03-1102-B

| | | |
|---|---|---|
| MARTA MORENO, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND ON BEHALF OF MIRANDA | § | |
| MORENO, A MINOR | § | |
| | § | |
| VS. | § | 138TH JUDICIAL DISTRICT |
| | § | |
| GOLDEN CORRAL CORPORATION | § | |
| D/B/A GOLDEN CORRAL | § | |
| RESTAURANT AND CARLOS | § | |
| SOTOMAYOR, SR. | § | CAMERON COUNTY, TEXAS |

## NOTICE TO DISTRICT CLERK OF REMOVAL OF CIVIL ACTION

TO :   Ms. Aurora De La Garza
Clerk of the District Courts
Cameron County Courthouse
974 E. Harrison
Brownsville, Texas 78520

You will please take notice that Golden Corral Corporation and Carlos Sotomayor, Sr., Defendants in the above-referenced matter, have filed in the United States District Court for the Southern District of Texas, Brownsville Division, a Notice of Removal of the cause styled Marta Moreno, Individually and on Behalf of Miranda Moreno, A Minor vs. Golden Corral Corporation d/b/a Golden Corral Restaurant and Carlos Sotomayor, Sr. originally filed in the 138th Judicial District Court of Cameron County, Texas, Cause Number 2001-03-1102-B, and that a true and correct copy of said Notice of Removal, is being filed with the Clerk of the said United States District Court for the Southern District of Texas, Brownsville Division, and that the State Court shall proceed no further, unless the cause is remanded. A copy of said Notice of Removal, without copies of attachments, is attached to this notice.

Signed on May 9, 2001.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _Eduardo G. Garza_

Eduardo G. Garza
State Bar No.  00796609
USDC ADM. No. 20916

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2001, a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record as noted hereunder.

**VIA CMRRR-7000 1670 0002 2285 4961**
Mr. Gilberto Hinojosa
Magallanes, Hinojosa & Mancias
1713 Boca Chica Boulevard
Brownsville, Texas 78520

_Eduardo G. Garza_

Eduardo G. Garza

| ATTACH RETURN RECEIPTS WITH<br>ADDRESSEE'S SIGNATURE | | CERTIFICATE OF DELIVERY OF MAIL |
|---|---|---|

CERTIFICATE OF DELIVERY OF MAIL

**ATTACH RETURN RECEIPTS WITH**
**ADDRESSEE'S SIGNATURE**

Rule 106 (a)(2): The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

I hereby certify that on the __6th__ of

__MARCH   2001__,  I mailed to

_____ GOLDEN CORRAL CORPORATION _____

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO. ____1700900636____

NAME OF PREPARER          TITLE

RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

ADDRESS

____ AURORA DE LA GARZA ____ , District Clerk
Cameron County, Texas

CITY          STATE          ZIP

By: _Mary M. Cornejo_ , Deputy

# R E T U R N   O F   O F F I C E R

Came to hand the _6_ day of _March_, _2001_, at _3_ o'clock _P_.M., and

executed (~~not executed~~) on the _7_ day of _March_, _2001_, by delivering to

_Carla Solomayor_ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _Plaintiff: Virgil Patel_.

Cause of failure to execute this citation is: _____

_____

FEES serving 1 copy

Total....... $_____          Sheriff/constable _Cameron_ County, TEXAS

Fees paid by:_____          By _____ Deputy

**Professional Civil Process**
700 Paredes Ave., #208
Brownsville, Texas 78520
Tel. (956) 546-1313

SUBSCRIBED AND SWORN TO ME
ON THE _1_ DAY OF _May_ 19 _2001_

_____ NOTARY PUBLIC

JUANITA G. SALDIVAR
MY COMMISSION EXPIRES
February 02, 2005

10:30 o'clock A.M.
AURORA DE LA GARZA DIST CLERK
MAR 0 8 2001
Danelle Ahumada