3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 17 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARTA MORENO, INDIVIDUALLY AND ON BEHALF OF MIRANDA MORENO, A MINOR | § § § § |
| VS. | §  CIVIL ACTION NO. B-01-80 |
| GOLDEN CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT AND CARLOS SOTOMAYOR, SR. | § § § § § |

## DEFENDANT CARLOS SOTOMAYOR SR.'S 12(b)(6) MOTION TO DISMISS

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES, Defendant, CARLOS SOTOMAYOR SR., and pursuant to Federal Rule of Civil Procedure 12(b)(6), files this its Motion to Dismiss and for cause would show as follows:

### I.
### EXHIBITS

A.  Plaintiff's Original Petition

### II.
### STATEMENT OF THE CASE

Plaintiffs have brought this premises liability action against defendants Golden Corral Corporation and Carlos Sotomayor, Sr. arising out of an accident that occurred on or about June 12, 2000. Plaintiff Marta Moreno alleges that she fell in the restroom of the Golden Corral restaurant while holding her daughter Miranda Moreno due to what she contends was water that had accumulated on the floor. Plaintiffs assert in their petition that Golden Corral Corporation owned and controlled the premises at issue and that Defendant Carlos Sotomayor, Sr. is the manager of the restaurant.

# III.
# MOTION TO DISMISS UNDER RULE 12(b)(6)

A. **Standard for Dismissal under Rule 12(b)(6).**

Plaintiffs have failed to state a claim for which relief can be granted. Accordingly, their lawsuit is ripe for dismissal under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed for failure to state a claim if it appears beyond doubt that the Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Under this standard, a court may dismiss a complaint if the Plaintiffs cannot possibly prevail on their claims. Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir. 1986); Scheuer v. Rhodes, 416 U.S. 232, 236 (1973). Although the Rule 12(b)(6) standard is stringent, "the mere fact that a standard is stringent does not suggest that it can never be met." Mahone v. Addicks Utility Dist. of Harris County, 836 F.2d 921, 927 (5th Cir. 1988).

B. **Defendant Sotomayor owes no independent duty to plaintiffs under Texas law.**

This lawsuit involves a slip and fall premises liability action. The seminal case in Texas regarding premises liability is Keetch v. Kroger Co., 845 S.W.2d 262 (Tex. 1992). In Keetch, the Texas Supreme Court held that when injuries arise out of a condition of the premises, a plaintiff may not sue under an additional theory of negligent activity unless the activity was ongoing when the plaintiff was injured. Keetch, 845 S.W.2d at 264. The Supreme Court stated that the elements of a premises liability cause of action should be submitted against the owner, occupier or operator of the premises. Id. at 266. There are no cases in Texas allowing a premises liability claim against an individual manager of a business which occupies or owns the premises.

2

In addition to the Keetch case, defendant relies on the case of Leitch v. Hornsby, 935 S.W.2d 114 (Tex. 1996). In Leitch, plaintiff sued a premises occupier and an individual corporate officer claiming that the corporation failed to provide a safe work place. The Court recognized in Leitch that the corporation, as the owner and occupier of the premises, owed a duty to the plaintiff to provide a safe work place, but not the individual corporate officer joined in the suit. Id at 117. Like the defendant in Leitch, the premises owner in this case (Golden Corral Corporation) owes a duty to the plaintiff. However, the individual manager owes no duty based on the facts alleged in Plaintiff's Original Petition. Under Texas law "individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employers' duties". Leitch v. Hornsby, 935 S.W.2d 114 (Tex. 1996); I.M. Warner v. Colwell, 909 S.W.2d 866, 868 (Tex. 1995); Karl & Kelly Co. v. McLeran, 646 S.W.2d 174, 174 (Tex. 1983). "When the employer is a corporation, the law charges the corporation itself, not the individual corporate officer, with the duty to provide the employee a safe workplace". Hornsby, 935 S.W.2d at 117.

Plaintiff has not and cannot allege any individual duty of reasonable care owed to Plaintiff by Defendant Sotomayor since the duty of providing a safe premises lies with Golden Corral Corporation, the premises owner. No such duty exists with respect to the manager of the premises.

## IV.
## CONCLUSION

The Plaintiffs have failed to state a cause of action for which relief can be granted against Defendant Carlos Sotomayor, Sr. The Plaintiffs cannot possibly prevail on their claims against Defendant Carlos Sotomayor, Sr. as no independent duty of care exists with respect to plaintiffs under Texas law. As a result, Defendant Carlos Sotomayor, Sr. is entitled to have all of Plaintiffs' claims against him dismissed.

3

WHEREFORE, PREMISES CONSIDERED, Defendant, Carlos Sotomayor, Sr., prays that upon final trial and hearing hereof, that Defendant Defendant Carlos Sotomayor, Sr.'s Motion to Dismiss be granted, and that Plaintiffs take nothing by this suit, that Defendant Defendant Carlos Sotomayor, Sr. be severed from the underlying cause, that Defendant recover all costs incurred herein, and that Defendant Defendant Carlos Sotomayor, Sr. have such other and further relief, at law or in equity, to which he may show himself to be justly entitled to.

Signed on May 16, 2001.

                              Respectfully submitted,

                              WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Eduardo G. Garza
State Bar No. 00796609
USDC ADM. No. 20916

Attorneys for Defendants

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2001, a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record as noted hereunder.

**VIA CMRRR-7000 1670 0002 2285 1794**

Mr. Gilberto Hinojosa
Magallanes, Hinojosa & Mancias
1713 Boca Chica Boulevard
Brownsville, Texas 78520

*Eduardo G. Garza*
Eduardo G. Garza

## CERTIFICATE OF CONFERENCE

The Local Rules for the United States District Court for the Southern District of Texas do not require a conference for this motion.

*Eduardo G. Garza*
Eduardo G. Garza

CAUSE NO. _____

| | | |
|---|---|---|
| MARTA MORENO, INDIVIDUALLY AND ON BEHALF OF MIRANDA MORENO, A MINOR, | § § § § § | IN THE DISTRICT COURT |
| *Plaintiff*, | § § | |
| vs. | § § | _____ JUDICIAL DISTRICT |
| GOLDEN CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT AND CARLOS SOTOMAYOR, SR. | § § § § § § | |
| *Defendants*. | § | CAMERON COUNTY, TEXAS |



## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **MARTA MORENO, INDIVIDUALLY, AND ON BEHALF OF MIRANDA MORENO, A MINOR,** hereinafter called Plaintiff, complaining of **GOLDEN CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT** and **CARLOS SOTOMAYOR, SR.**, Defendants and for cause of action would respectfully show the Court the following:

### I.

Plaintiff is a resident of Brownsville, Cameron County, Texas, and is the mother of **MIRANDA MORENO**, a minor.

Defendant **GOLDEN CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT**'s principal place of business is Brownsville, Cameron County, Texas and may be served with process by serving its agent for service of process, C T Corp System, 350 N. St.



Paul Street, Dallas, Dallas County, Texas 75201.

Defendant **CARLOS SOTOMAYOR, SR.** is a resident of Brownsville, Cameron County, Texas and may be served with process by serving him at 2912 Boca Chica Blvd., Brownsville, Cameron County, Texas 78521.

## II.

Venue is proper under V.T.C.A., Civil Practice and Remedies Code, Section 15.001 et. al., because Cameron County, Texas is the county where this cause of action arose and is the principal place of Defendant **GOLDEN CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT**'s place of business and well as the residence of Defendant **CARLOS SOTOMAYOR, SR.**.

## III.

On or about June 12, 2000, during normal business hours, Plaintiff and her family came upon the business premises of Defendant **GOLDEN CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT** in Brownsville, Cameron County, Texas in order conduct business. Defendant **CARLOS SOTOMAYOR, SR.** was at that time the manager of Defendant **GOLDEN CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT** in Brownsville, Texas and was, at the time of the incident in question, the person whose responsibility it was to ensure that floors at Defendant restaurant were maintained safe and in a manner which would ensure that persons doing business at Defendant restaurant would not injure themselves as a result of conditions at the restaurant which were unreasonably dangerous.

## IV.

While entering upon Defendant **GOLDEN CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT**'s premises, in an area owned and controlled by Defendant **GOLDEN**

CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT (i.e. the lady's restroom), Plaintiff and her child, MIRANDA MORENO, suffered serious and permanent bodily injuries as a direct result of a fall proximately caused by the dangerous condition of Defendant GOLDEN CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT's premises, which Defendants, their agents, servants, and employees knew or, in the exercise of ordinary care, should have known existed. Specifically, Plaintiff and her daughter, MIRANDA MORENO entered into Defendant GOLDEN CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT's place of business in order to dine. While there, Plaintiff, and her daughter, decided to make use of the restroom. Plaintiff's daughter, at the time of the incident in question was six months old and was being carried in the arms of Plaintiff. Upon stepping into the restroom at Defendants' restaurant, Plaintiff stepped onto water which had accumulated on the floor and which had made the floor extremely slippery. The extremely slippery conditions on the floor caused her to violently fall along with her baby and, as a direct result, Plaintiff and her minor child sustained the injuries and damages described below.

V.

Defendant GOLDEN CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT, it agents, servants, and employees and Defendant CARLOS SOTOMAYOR, SR. negligently allowed the accumulation of water in the restroom floor of Defendants' restaurant, creating an unreasonably dangerous condition in said restroom. Defendants allowing the floor of the restroom in Defendant restaurant to remain wet and slippery, created and/or allowed an unreasonably dangerous condition to exist and their failure to warn Plaintiff of the dangerous condition of the floor in the common area of the restaurant, despite the fact that Defendants, their agents, servants, and employees, knew, or in the exercise of ordinary care, should have know of the

existence of the dangerous condition and that there was a likelihood of someone being injured as happened to Plaintiff and her minor child was negligence. Plaintiff further alleges that the condition of the floor had continued for such a period of time that it should have been noticed and removed if Defendants, their agents, servants, and employees had exercised ordinary care in the maintenance of the premises.

## VI.

On the occasion in question, Defendants and its agents, servants, and employees, who were at all times acting in the course and scope of their employment, were guilty of negligence toward the Plaintiff and her minor child in the following respects:

1. In failing to maintain the floor in a reasonably safe condition;

2. In failing to exercise ordinary care with regard to the design and/or maintenance of the floor in question;

3. In failing to exercise ordinary care with regard to the placing of floor mats in the restrooms of Defendant restaurant;

4. In failing to place proper warnings in the area in question where the floor was wet for a period of time prior to Plaintiff falling;

5. In failing to warn Plaintiff of the possible danger of the wet floor;

6. In failing to exercise ordinary care with regard to its company policies concerning the inspection for dangerous conditions of floors in Defendant restaurant;

7. In failing to exercise ordinary care with regard to the training of its employees responsible for the maintenance of its floors; and,

8. Defendants knew or should have known of the possibility of the dangerous condition created by the wet floors in Defendants' restrooms, and failed to warn Plaintiff of that dangerous condition.

Each of the foregoing negligent acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages and those of her minor child

which are described below.

## VII.

As a result of the occurrence above described, the Plaintiff and her minor child **MIRANDA MORENO** suffered severe personal injuries causing Plaintiff and her minor child to sustain following damages as a result of the accident in question:

a)  The reasonable cost for necessary medical treatment and care Plaintiff and her minor child have received in the past for the treatment of their injuries;

b)  The reasonable cost for necessary medical treatment and care which Plaintiff and her minor child, in reasonable probability, will need in the future for the treatment of their injuries;

c)  The physical pain which Plaintiff and her minor child have suffered in the past up to the time of trial;

d)  The physical pain which Plaintiff and her minor child in all reasonable probability will suffer in the future for the rest of their life as a result of their injuries;

e)  The mental anguish which Plaintiff and her minor child have suffered in the past up to the time of the trial in this case;

f)  The mental anguish which Plaintiff and her minor child in all reasonable probability will suffer for the rest of their life as a result of their injuries;

g)  The physical impairment and loss of physical capacity to perform the activities of life which Plaintiff and her minor child have suffered in the past up to the time of the trial in this case;

h)  The physical impairment and loss of physical capacity to perform the activities of life other than wage earning, which Plaintiff and her minor child, in all reasonable probability, will suffer in the future for the rest of their life;

i)  The loss of wages or wage earning capacity which Plaintiff suffered in the past up to the time of the trial in this case;

j)  The loss of wage earning capacity which Plaintiff in all reasonable probability will suffer in the future for the rest of her work life expectancy as a result of her injuries.

Plaintiff and her minor child are entitled to be compensated for these actual damages in an

amount exceeding the minimum jurisdictional limits of the Court.

**WHEREFORE**, Plaintiff prays that the Defendants be duly cited to appear and answer herein; that upon a final trial of this cause, Plaintiff recover, from Defendant:

1. Judgment against Defendants for Plaintiff's and her minor child's damages as set forth above, in an amount in excess of the minimum jurisdictional limits of this court;

2. Interest on said judgement at the legal rate from date of judgement;

3. Prejudgment interest as allowed by law;

4. Costs of court; and

5. Such other and further relief to which Plaintiff and her minor child may be entitled.

Respectfully submitted,

MAGALLANES, HINOJOSA & MANCIAS
A Professional Corporation
1713 Boca Chica Blvd.
Brownsville, Texas 78520
Tel:  (956) 544-6871
Fax:  (956) 544-4290

By: _____
Gilberto Hinojosa
State Bar No. 09701100
CCID: 3307
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARTA MORENO, INDIVIDUALLY AND ON BEHALF OF MIRANDA MORENO, A MINOR | § § § § | |
| VS. | § § | CIVIL ACTION NO. B-01-80 |
| GOLDEN CORRAL CORPORATION D/B/A GOLDEN CORRAL RESTAURANT AND CARLOS SOTOMAYOR, SR. | § § § § | |

**ORDER GRANTING DEFENDANT CARLOS SOTOMAYOR, SR.'S RULE 12(b)(6) MOTION TO DISMISS**

On this the _____ day of _____, 2001, came on for consideration Defendant Carlos Sotomayor, Sr.'s Rule 12(b)(6) Motion to Dismiss. Having examined same and considered the arguments of counsel, this Court is of the opinion that said Motion should be **GRANTED**.

IT IS THEREFORE ORDERED that Defendant Carlos Sotomayor, Sr.'s Rule 12(b)(6) Motion to Dismiss is GRANTED. It is further ORDERED that all claims of Plaintiffs Marta Moreno Individually and on Behalf of Miranda Moreno against Carlos Sotomayor, Sr. be and are **DISMISSED**.

IT IS FURTHER ORDERED that Defendant Carlos Sotomayor, Sr. be and is hereby severed from the underlying cause so that such dismissal shall become final.

SIGNED on this _____ day of _____, 2001.

                                            _____
                                            UNITED STATES DISTRICT JUDGE

cc:  Eduardo G Garza, International Plaza, Ste. 460, 3505 Boca Chica Blvd., Brownsville, Texas 78521
     Mr. Gilberto Hinojosa; Magallanes, Hinojosa & Mancias; 1713 Boca Chica Boulevard; Brownsville, Texas 78520