*5*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 3 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARTA MORENO, INDIVIDUALLY | § | |
| AND ON BEHALF OF MIRANDA | § | |
| MORENO, A MINOR, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B01-080 |
| | § | |
| | § | |
| GOLDEN CORRAL CORPORATION | § | |
| D/B/A GOLDEN CORRAL | § | |
| RESTAURANT AND CARLOS | § | |
| SOTOMAYOR, SR., | § | |
| Defendants | § | |

## MOTION TO REMAND AND FOR SANCTIONS

**TO THE HONORABLE COURT:**

COMES NOW, MARTA MORENO, INDIVIDUALLY AND ON BEHALF OF

MIRANDA MORENO, A MINOR., Plaintiff in this action and, pursuant to 28 U.S.C. §1447(c),

moves this Court for an order remanding this action to the 138th Judicial District Court of

Cameron County, Texas, on the grounds that this removal was improperly made and/or this Court

lacks jurisdiction over the subject matter of this action. In support of this motion, Plaintiffs would

show the following:

**I.**

This Court is without jurisdiction to hear this action under any part of 28 U.S.C. §1332:

a. The parties are not citizens of different states, as is required under 28 U.S.C.

§1332(a)(1). The Plaintiffs are residents of Mexico and one Defendant is a resident of Texas and

1

the other has as its principal place of business North Carolina.

b. This civil action is not between citizens of a State and citizens or subjects of a foreign state, as is required under 28 U.S.C. §1332(a)(2). While Plaintiff is a citizen of a foreign state, Defendant Sotomayor, Sr. is a citizen of the State of Texas and Defendant Golden Corral Corporation is a citizen of another state.

c. This action is not between citizens of different States and in which citizens or subjects of a foreign state are additional parties, as is required by 28 U.S.C. §1332(a)(3). The only party that is a subject of a foreign state is Plaintiff and, neither she nor her child, who she sues on behalf, is an additional party in this lawsuit.

d. This action is not an action involving a foreign state is required under 28 U.S.C. §1332(a)(4)

The Fifth Circuit Court of Appeals has held that:

> "While the rule of complete diversity is not of constitutional dimensions [citations omitted], the established judicial construction of the general diversity statute requires complete diversity. There is no indication – legislative or judicial – that a deviation from the rule applied in ordinary diversity cases would or ought to obtain in a suit brought by an alien."

*Ed and Fred, Inc. v. Puritan Marine Insurance Underwriters Corporation, et al*, 506 F.2d 757, 758 (5th Cir. 1975). There being no diversity under 28 U.S.C. §1332, on this basis alone this Court must grant Plaintiff's motion to remand.

## II.

This Court is also without jurisdiction to hear this action in that, while jurisdiction is claimed by Defendants based on diversity of citizenship of the parties, the amount in controversy in this action, exclusive of interest and costs, is not greater than $75,000.00, so that the minimum

2

amount of controversy necessary to confer jurisdiction based on diversity of citizenship is not met. The petition filed by Plaintiff in state court states a claim based on injuries and damages sustained by Plaintiff and her minor child in a sum in excess of the jurisdiction limits of the Court, which is more than $500.00 but less than $75,000.00.

III.

Plaintiff requests that this Court in its discretion and pursuant to 28 U.S.C. § 1447 (c) remand all of Plaintiff's negligence causes of action as set out in Plaintiff's Original Petition and to order Defendants Golden Corral Corporation d/b/a Golden Corral Restaurant and Carlos Sotomayor Sr. to pay Plaintiff all costs and expenses, including attorney's fees, incurred by Plaintiff as a result of the removal and for all such other and further relief which the Court deems just and proper.

Respectfully submitted,

**MAGALLANES, HINOJOSA,& MANCIAS**
1713 Boca Chica Blvd.
Brownsville, Texas 78520
Telephone: (956) 544-6571
Facsimile: (956) 544-4290

By: _____
(For the Firm)
J.A. Magallanes
State Bar No. 12809500
Federal Id No. 3306
Gilberto Hinojosa
State Bar No. 09701100

3

Federal ID No. 3425

## CERTIFICATE OF CONFERENCE

I, Gilberto Hinojosa, pursuant to the Federal Rules of Civil Procedure, do hereby certify

that I have conferred with the counsel of record listed below and/or their staff as to the filing of

this motion and they are opposed with regard to the filing of said motion.

Eduardo G. Garza
WILLETE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

J.A. Magallanes (for the Firm) for
Gilberto Hinojosa

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing

**Motion to Remand and for Sanctions** has on this the 23rd May, 2001 been sent by certified mail

by depositing it enclosed in a postpaid, properly addressed wrapper in a post office or official

depository under the care and custody of the United States Postal Service to:


Eduardo G. Garza
WILLETE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893


J.A. Magallanes (for the Firm)

5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARTA MORENO, INDIVIDUALLY | § | |
| AND ON BEHALF OF MIRANDA | § | |
| MORENO, A MINOR, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B01-080 |
| | § | |
| | § | |
| GOLDEN CORRAL CORPORATION | § | |
| D/B/A GOLDEN CORRAL | § | |
| RESTAURANT AND CARLOS | § | |
| SOTOMAYOR, SR., | § | |
| Defendants | § | |

## ORDER SETTING HEARING ON
## MOTION TO REMAND AND MOTION FOR SANCTIONS

On this the _____ day of _____ , 2001 came on to be

considered before the Court for setting Defendants' Motion Remand for Sanctions in the above-

referenced cause of action;

The Court after considering said Motion and it appearing to the Court that said Motion

should be GRANTED;

IT IS THEREFORE, ORDERED AND ADJUDGED that this cause be set for hearing on

the merits on the _____ day of _____, 2001 at _____ o'clock _____ .m.

before the United States District Court for the Southern District of Texas, Brownsville Division.

SIGNED on this the _____ day of _____,2001

_____
JUDGE PRESIDING

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARTA MORENO, INDIVIDUALLY | § | |
| AND ON BEHALF OF MIRANDA | § | |
| MORENO, A MINOR, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| | § | |
| GOLDEN CORRAL CORPORATION | § | |
| D/B/A GOLDEN CORRAL | § | |
| RESTAURANT AND CARLOS | § | |
| SOTOMAYOR, SR., | § | |
| Defendants | § | |

## ORDER OF REMAND AND SANCTIONS

On this the _____ day of _____, 2001 came on to be considered before the

Court for setting hearing on Plaintiff's Motion to Remand For Sanctions in the above-referenced

cause of action:

The Court after considering said Motion and it appearing to the Court that it should be

GRANTED:

IT IS THEREFORE, ORDERED AND ADJUDGED that Plaintiff's Motion to Remand

be, and it is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Sanctions is hereby granted and

that the Defendants be ordered to pay Plaintiff the sum of $_____ in attorneys

fees and costs for the filing of the Motion for Remand in this case.

SIGNED on this the _____ day of _____, 2001.

_____
UNITED STATES DISTRICT JUDGE